William D. Hyslop
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>DUANE LEE COMESLAST,<br><br>          Defendant. | Case No. 2:19-CR-171-RMP<br><br>Rule 11(c)(1)(C)<br>Plea Agreement |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Richard R. Barker, Assistant United States Attorney for the Eastern District of Washington, and Defendant DUANE LEE COMESLAST, and Defendant's counsel, Andrea Geroge, agree to the following Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1)     <u>Guilty Plea and Maximum Statutory Penalties</u>:

Defendant, DUANE LEE COMESLAST, (hereinafter Defendant), by and through this Plea Agreement and pursuant to CARES Act § 15002(b)(2), Pub. L. No. 116-136 (H.R. 748) (eff. March 27, 2020), and General Order No. 20-101-3 (E.D. Wa. Mar. 30, 2020), expressly waives his right to be physically present, *see* Fed. R. Crim. P. 43(a), and consents to appear by video teleconferencing and agrees to plead guilty to the Indictment dated October 17, 2019, charging Defendant with Cyberstalking in

violation of 18 U.S.C. § 2261A(2)(B), 2261(b)(5). Defendant understands that this is a Class D Felony, which carries a maximum penalty of not more than a 5-year term of imprisonment; a fine not to exceed $250,000; not more than a 3-year term of supervised release; restitution; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2) <u>The Court is Not a Party to the Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that this is a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than agreed upon. The Defendant further understands that the Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a sentence harsher than agreed upon.

3) <u>Waiver of Constitutional Rights</u>:

Defendant understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

*United States v. Duane Lee Comeslast* - Plea Agreement - 2

    a)    The right to a jury trial;

    b)    The right to see, hear and question the witnesses;

    c)    The right to remain silent at trial;

    d)    The right to testify at trial; and

    e)    The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands he retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4)    <u>Elements of the Offense</u>:

The United States and Defendant agree that in order to convict Defendant of Cyberstalking in violation of §§ 2261A(2)(B), 2261(b)(5) the United States would have to prove beyond a reasonable doubt the following elements:

*First*, from on or about June 15, 2019 and June 17, 2019, Defendant used an electronic communication system of interstate commerce;

*Second*, Defendant did so with the intent to harass and intimidate D.H.; and

*Third*, through the use of an electronic communication system of interstate commerce, Defendant engaged in a course of conduct that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to D.H.

5)    <u>Factual Basis and Statement of Facts</u>:

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

*United States v. Duane Lee Comeslast* - Plea Agreement - 3

On May 21, 2019, Defendant and D.H. were in D.H.'s home, where Defendant used his cell phone to take several photographs of D.H., depicting her genitalia. Both Defendant and D.H. were known to use drugs and/or alcohol while they were together. Certain of these photographs taken that day show Defendant vaginally penetrating D.H., who reported that she has no recollection of Defendant taking these photographs or of being vaginally penetrated that day.

Approximately 10 days later, on the evening of June 1, 2019, Defendant and D.H. traveled together to Wellpinit, Washington, to Defendant's mother's home. There, Defendant and D.H. engaged in consensual sex, but sometime during the morning of June 2, 2019, Defendant and D.H. got into an argument, and Defendant struck D.H. several times on her face, including to D.H.'s left eye. D.H. later reported the assault to Spokane Police and posted about the assault on Facebook.

On June 15 and again June 17, 2019, Defendant sent a message to D.H. via Facebook messenger, threatening to disclose the lewd photographs that Defendant took of D.H. if D.H. continued posting about the assault. Specifically, Defendant sent a picture depicting D.H.'s vagina covered with an angry face emoji. At 7:13 p.m. on June 15, 2019, Defendant further instructed D.H. that she "Better chill."

On June 16, 2019, D.H. posted a picture on Facebook, which was taken shortly after the prior physical assault. This picture depicted D.H.'s injuries and identified Defendant as the person who assaulted her. The next day, June 17, 2019 at 6:02 p.m., Defendant sent a number of pictures depicting D.H.'s genitalia to D.H. with the caption, "You need to stop, or this will go." In other words, Defendant again threatened to share the lewd photographs in the event that D.H. continued to identify Defendant as the person who assaulted her.

Over the next two days, Defendant sent the lewd pictures of D.H. to several of Defendant's Facebook friends, describing D.H. as a "snich" (sic) and complaining, "you see all that shit [D.H.] put on fb about me[;] she showed her face [a]nd people are talking. Not good."

*United States v. Duane Lee Comeslast* - Plea Agreement - 4

Defendant's actions and messages demonstrate he used the lewd photographs to intimidate and harass D.H., after she identified him as the person who physically assaulted her. This course of conduct caused D.H. significant emotional distress. Defendant also agrees that Facebook messenger is a means, facility, and communication system of interstate commerce.

6) <u>The United States Agrees</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless Defendant breaches this Plea Agreement any time before or after sentencing.

7) <u>United States Sentencing Guideline Calculations</u>:

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

    a)    <u>Base Offense Level</u>:

The United States believes that the base offense level for Cyberstalking in violation of 18 U.S.C. § 2261A(2)(B), 2261(b)(5) is 18. *See* U.S.S.G. § 2A6.2

    b)    <u>Specific Offense Characteristics</u>:

The parties agree that the offense involved the aggravating factor of bodily injury, resulting in an award adjustment of +2 levels. *See* U.S.S.G. § 2A6.2(b).

At this time, the United States and Defendant are not aware of additional specific offense characteristics that apply in this case, but are free at sentencing to argue for or against any additional upward or downward adjustments identified by with Presentence Investigation Report writer.

    c)    <u>Acceptance of Responsibility</u>:

If the adjusted offense level is less than 16 and Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility

*United States v. Duane Lee Comeslast* - Plea Agreement - 5

for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty, the United States will move for a two (2) level downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a).

If the adjusted offense level is 16 or greater and Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; the United States will move for a three (3) level downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a two (2) or three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

    d)    <u>Criminal History</u>:

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

    8)    <u>Incarceration</u>:

The parties agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that Defendant's sentence shall be 48 months. Such a sentence takes into account that the instant offense of conviction involved relevant conduct stemming from

Defendant's conviction for Attempted Second Degree Assault in Stevens County Superior Court Case Number #19-1-00222-5. The parties' 11(c)(1)(C) agreement contemplates that the period of state and tribal custody from August 27, 2019 though Defendant's state sentencing on August 20, 2020 would not be credited to the federal sentence by the Bureau of Prisons. *See* USSG 5G1.3(a) – (b). The parties further agree pursuant to 11(c)(1)(C) that Defendant's sentence in this case will run concurrently with Defendant's conviction in Stephen's County from the date of Defendant's state court sentencing on August 20, 2020.

9) <u>Criminal Fine</u>:

The parties agree to recommend the Court impose no criminal fine.

10) <u>Supervised Release</u>:

The United States and Defendant agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to a three-year term of supervised release to include any special conditions as determined by probation:

11) <u>Restitution</u>:

The parties agree restitution is required. *See* 18 U.S.C. §§ 3663A, and 3664. Further, pursuant to 18 U.S.C. § 3663(a)(3), the Defendant voluntarily agrees to pay the agreed upon restitution amount for all losses to D.H. caused by the Defendant's course of conduct in exchange for the United States not bringing additional potential charges, regardless of whether counts of the Indictment dealing with such losses were resolved in connection with Defendant's state case.

(a) <u>Restitution Amount and Interest</u>

The parties hereby stipulate and agree that, pursuant to 18 U.S.C. §§ 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing. The interest on this restitution amount, if any, should be waived.

(b) <u>Payments</u>

To the extent restitution is ordered, the parties agree the Court will set a restitution payment schedule based on her financial circumstances. *See* 18 U.S.C. §

*United States v. Duane Lee Comeslast* - Plea Agreement - 7

3664(f)(2), (3)(A). That being said, Defendant agrees to pay not less than 10% of his net monthly income towards his restitution obligation.

    (c)   <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

    (d)   <u>Notifications and Waivers</u>

The Defendant agrees to notify the Court and the United States of any material change in her economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect her ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

The Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. § 3612(b)(1)(F). This obligation ceases when the restitution is paid-in-full.

Defendant acknowledges that the Court's decision regarding restitution is final, non-appealable, and not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis to withdraw his guilty pleas, withdraw from this Plea Agreement, or appeal her convictions, sentence, or restitution order.

    12)   <u>Mandatory Special Penalty Assessment:</u>

*United States v. Duane Lee Comeslast* - Plea Agreement - 8

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13) <u>Payments While Incarcerated</u>:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14) <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order under $3,000. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

15) <u>Integration Clause</u>:

United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

*United States v. Duane Lee Comeslast* - Plea Agreement - 9

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

William D. Hyslop
United States Attorney

_____     November 18, 2020
Richard R. Barker                  Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____     11-18-20
DUANE LEE COMESLAST                Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____     11-18-20
Andrea George                      Date
Attorney for Defendant

*United States v. Duane Lee Comeslast* - Plea Agreement - 10